USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ Nos. 93-1226 93-1636 DAVID LOFFREDO, Plaintiff, Appellant, v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Rosenn,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Stephen J. Fortunato, Jr. with whom Fortunato & Tarro was on ___________________________ __________________ brief for appellant. John M. Boland with whom Boyer, Reynolds & DeMarco, Ltd. was on _______________ _________________________________ brief for appellee. ____________________ ____________________ ____________________ *Of the Third Circuit, sitting by designation Per Curiam. We have carefully reviewed the record ____________ in this case and are of the opinion that the contested district court findings -- i.e., (1) that defendant easily met its burden of demonstrating that plaintiff had made material misrepresentations during the course of defendant's investigation of the fire underlying this litigation; and (2) that defendant easily met its burden of demonstrating that plaintiff had engaged in fraudulent conduct relating to the fire -- are amply supported. Thus, because each such finding relieved defendant of liability under the fire insurance policy issued by defendant to plaintiff, the court did not err in entering judgment in favor of defendant on all counts set forth in plaintiff's complaint. Furthermore, we agree with the district court that this case is one of those very rare instances where a shift in attorneys' fees pursuant to the inherent authority of the district court, see Jones v. Winnepesaukee Realty, 990 F.2d ___ _____ ____________________ 1, 4 (1st Cir. 1993) ("It is beyond serious dispute that a federal court possesses inherent power to shift attorneys' fees when parties conduct litigation in bad faith."), is appropriate.1 The record is replete with evidence that plaintiff and several of his witnesses, both prior to trial ____________________ 1. Because we find the court's fee-shifting sanction to be appropriate in both substance and amount pursuant to the court's inherent authority, we need not and do not decide whether the sanction also was authorized by Fed. R. Civ. P. 11. -2- 2 and at the trial itself, gave untruthful testimony relating to plaintiff's actions on the weekend of the fire. This testimony alone, in the context of this case, is sufficient to support the sanction imposed. Therefore, the court did not err in granting defendant's motion for sanctions against plaintiff. Finally, we agree with the district court in its characterization of this litigation by plaintiff as truly deplorable. Accordingly, we summarily affirm the challenged orders of the district court. See First Circuit Rule 27.1. ___ Affirmed. _________ -3- 3